IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RICHARD HOUDEK, | ) | |
| | ) | CASE NO. 3:19-cv-02571-JGC |
| Plaintiff, | ) | |
| | ) | JUDGE JAMES G. CARR |
| v. | ) | |
| | ) | |
| CHAIRMAN OF THE INVESTMENT | ) | |
| COMMITTEE – DANA LIMITED, et al. | ) | **FINAL ORDER AND JUDGMENT** |
| | ) | |
| Defendants. | ) | |

Plaintiff Richard Houdek and Defendant Dana Holding Corporation Investment Committee, Plan Administrator of the Dana Retirement Plan have jointly moved the Court to approve the proposed settlement of Plaintiff's and other Settlement Class Members' claims pursuant to Fed. R. Civ. P. 23(e). Having reviewed the Settlement Agreement and its Exhibits, as well as the pleadings and papers filed in this Action, and for good cause established therein, the Court enters this Final Order and Judgment granting final approval of the Settlement as follows:

1. Plaintiff Houdek filed this class action on November 4, 2019 under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq. on behalf of himself and other participants in the Retirement Plan for Hourly Employees of Mr. Gasket Company for whom Defendants allegedly lacked records of their participant status and benefits. Plaintiff alleged that Defendants violated ERISA § 209, 29 U.S.C. § 1059, which requires employers and plan administrators to maintain records "sufficient to determine the benefits due or which may become due" to employees and plan

1

participants. Defendants denied Plaintiffs' claims and moved to dismiss the Complaint. Motion to Dismiss Count I of Plaintiff's Complaint (ECF #7).

2. On March 10, 2020, the Court held an initial status and scheduling conference held in lieu of a case management conference. The parties agreed that Defendants would produce the administrative record as to Plaintiff and would continue a search for additional records that was already underway. Based on consultation with the parties, the Court held in abeyance Defendants' pending motion to dismiss until further court order. Minute Order entered March 10, 2020.

3. Subsequent joint status reports were filed by the parties at intervals, as directed by the Court. The reports documented a diligent effort by both sides to address the issues and advance their respective positions, while continuing to consider and later finalize a possible classwide settlement.

4. On June 21, 2021, the parties filed their Joint Motion for Preliminary Approval of Class Settlement (ECF #22).

5. On June 24, 2021, the Court entered an Order Granting Preliminary Approval of Settlement (ECF #23).

6. On June 30, 2021, the Court held a Telephonic Status Conference with the parties' counsel. By minute order, the Court scheduled the Fairness Hearing for September 27, 2021 and granted leave to mail notices thereof to class members by July 15, 2021. Minute Order entered June 30, 2021.

7. On September 21, 2021, Plaintiff filed a Declaration of Class Counsel Regarding Notice (ECF #24 and 24-1). The Declaration certified that the Notice of Class

Settlement was distributed to the Settlement Class Members as prescribed and that no Settlement Class Member had filed an objection to the settlement or requested exclusion from the Class.

8. The Court convened the Fairness Hearing on September 27, 2021. By minute order, the Court found that notice of the class action settlement was mailed to potential class members and that no objections to the settlement were submitted. The Court directed that upon expiration of the period for submission of Claim Forms (November 12, 2021), counsel were to submit a final and stipulated entry of dismissal. Minute Order entered September 27, 2021.

9. Members of the Settlement Class who satisfy the terms and requirements of the Settlement Agreement are eligible to receive two Class Payments—Component 1 and Component 2. Settlement Agreement (ECF #22-1) at ¶ 25.

10. By the parties stipulation, the following Settlement Class Members are entitled to Components 1 and 2 of the Class Payments: Gerald Handlovics, Nicholas Lemmer, Clifford Pawul, Joan Majoros, Frank Virzi, Lisa Smith, Richard Houdek, Edwin Loftin, Gary Hyduk, and David Stasko.

11. By the parties stipulation, the following Settlement Class Members are entitled to Component 1 of the Class Payments: Russell Ciphers, Robert Grega, Bernardo Robles, Robert Daley, Elizabeth Friedberg, Joyce Helschel, Janet Johnson, Robert Lasecki, Carolyn Mlitz, Bill Smith, Cassandra Vikowski, Robert Ditlevson, Charlene O'Malley.

12. The Court finds that Components 1 and 2 of the Class Payments are fair and reasonable. The Court approves the Class Payments and orders that they be made in the

manner, and subject to the terms and conditions, set forth in the Settlement Agreement and in Paragraphs 10 and 11, above.

13. The Court approves the proposed service award to Plaintiff Richard Houdek and orders that it be paid in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

14. The Court approves the proposed attorneys' fees and litigation costs to Plaintiff's Counsel and orders that payment be made in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

15. The Court dismisses this case with prejudice. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Final Order and Judgment immediately.

16. As requested by the Parties in the Settlement Agreement, the Court retains jurisdiction to enforce the terms of the Settlement Agreement and resolve any and all disputes thereunder.

**SO ORDERED:**

11/30/2021

Date

s/James G. Carr

United States District Judge